## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-25808

MARK GUMBEL,

      Plaintiff,

v.

UNIFIN, INC.,

      Defendant.

_____/

## DEFENDANT UNIFIN INC.'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Unifin Inc. ("Unifin"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Mark Gumbel ("plaintiff") and states:

### JURISDICTION AND VENUE

1.　　The statements of law contained in ¶ 1 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 1.

2.　　The statements of law contained in ¶ 2 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 2.

3.　　The statements of law contained in ¶ 3 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 3.

4.　　The statements of law contained in ¶ 4 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 4.

1

## PARTIES

5.      Upon information and belief, Unifin admits the allegations contained in ¶ 5.

6.      Unifin admits it is an Illinois corporation with an office in Niles, Illinois.  Except as specifically admitted, Unifin denies the allegations contained in ¶ 6 as calling for a legal conclusion.

## DEMAND FOR JURY TRIAL

7.      Plaintiff's demand for a jury trial does not call for a response. To the extent a response is deemed to be required, Unifin admits plaintiff has demanded a jury trial but denies any violations, liability, or wrongdoing under the law. Except as specifically admitted, Unifin denies the allegations contained in ¶ 7.

## FACTUAL ALLEGATIONS

8.      Unifin admits it attempted to recover an amount due from plaintiff.  Except as specifically admitted, Unifin denies the allegations contained in ¶ 8.

9.      Unifin admits plaintiff is an alleged obligor.  Except as specifically admitted, Unifin denies the allegations contained in ¶ 9.

10.      Unifin denies the allegations contained in ¶ 10 as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief in the truth therein.

11.      Unifin admits part of its business is the collection of debts.  Except as specifically admitted, Unifin denies the allegations contained in ¶ 11.

12.      Unifin admits part of its business is the collection of debts.  Except as specifically admitted, Unifin denies the allegations contained in ¶ 12.

13.      Unifin admits part of its business is the collection of debts due or owed to others. Except as specifically admitted, Unifin denies the allegations contained in ¶ 13.

14. Unifin admits the allegations contained in ¶ 14.

15. Unifin admits the allegations contained in ¶ 15.

16. The statements of law contained in ¶ 16 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 16 as calling for a legal conclusion, and, except as specifically denied, admits it complies with all governing and applicable laws.

17. The statements of law contained in ¶ 17 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 17 as calling for a legal conclusion, and, except as specifically denied, admits it complies with all governing and applicable laws.

18. The statements of law contained in ¶ 18 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 18 as calling for a legal conclusion, and, except as specifically denied, admits it complies with all governing and applicable laws.

19. The statements of law contained in ¶ 19 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 19 as calling for a legal conclusion, and, except as specifically denied, admits it complies with all governing and applicable laws.

20. Unifin denies the allegations contained in ¶ 20 as calling for a legal conclusion.

21. Unifin denies the allegations contained in ¶ 21 as calling for a legal conclusion.

**Background**

22.     Unifin admits its business records reflect it directed a text message to a telephone number believed to be associated with plaintiff.  Except as specifically admitted, Unifin denies the allegations contained in ¶ 22 as calling for a legal conclusion.

23.     Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations contained in ¶ 23 state otherwise, they are denied.

24.     Unifin denies the allegations contained in ¶ 24.

25.     Unifin denies the allegations contained in ¶ 25.

26.     Unifin denies the allegations contained in ¶ 26.

27.     Unifin denies the allegations contained in ¶ 27.

## COUNT I
### [ALLEGED] VIOLATION OF 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10)

28.     In response to ¶ 28, Unifin reasserts the foregoing as if fully stated and incorporated herein.

29.     The statements of law contained in ¶ 29 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 29 as calling for a legal conclusion.

30.     Unifin denies the allegations contained in ¶ 30.

31.     Unifin denies the allegations contained in ¶ 31.

32.     Unifin denies the allegations contained in ¶ 32.

33.     Unifin denies the allegations contained in ¶ 33.

34.     Unifin denies the allegations contained in ¶ 34.

35.     Unifin denies the allegations contained in ¶ 35.

36.     The statements of law contained in ¶ 36 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 36 as calling for a legal conclusion.

## COUNT II
## [ALLEGED] VIOLATION OF FLA. STAT. § 559.72(9)

37.     In response to ¶ 37, Unifin reasserts the foregoing as if fully stated and incorporated herein.

38.     The statements of law contained in ¶ 38 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 38 as calling for a legal conclusion.

39.     Unifin denies the allegations contained in ¶ 39.

40.     Unifin denies the allegations contained in ¶ 40.

41.     Unifin denies the allegations contained in ¶ 41.

42.     The statements of law contained in ¶ 42 do not require a response. To the extent a response is deemed to be required, Unifin denies the statements of law in ¶ 42 as calling for a legal conclusion.

## AFFIRMATIVE DEFENSES

1.     To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.     One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

3.     Unifin denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Unifin's purported violations.

4.      Plaintiff has incurred no injury in fact and therefore lacks standing to pursue this action.

5.      Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6.      Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Unifin and was beyond the control or supervision of Unifin or for whom Unifin was and is not responsible or liable.

7.      Plaintiff has failed to state a claim against Unifin upon which relief may be granted.

8.      On information and belief, plaintiff's claims are subject to a binding arbitration agreement.

9.      Unifin expressly reserves the right to supplement this Answer and to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Defendant, Unifin Inc., respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully Submitted,

/s/ Rachel M. Fleishman
Rachel M. Fleishman, Esq.
Florida Bar No. 1026438
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3350 Buschwood Park Drive, Suite 130
Tampa, Florida 33618
Telephone: (813) 775-2170
Facsimile: (877) 334-0661
rfleishman@sessions.legal
dvanhoose@sessions.legal

Counsel for Defendant,
Unifin Inc.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Southern District of Florida, and served on all parties and counsel of record via CM/ECF.

*/s/ Rachel Fleishman*
Rachel Fleishman, Esq.

7